UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SPECIAL EDUCATION ASSOCIATES, INC.,<br><br>Defendant. | Civil Action No.  17-cv-1791<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to an individual who was adversely affected by such practices ("Aggrieved Individual").  As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission") alleges that Defendant Special Education Associates, Inc. discriminated against the Aggrieved Individual by subjecting her to quid pro quo sexual harassment and/or retaliation when it refused to hire her, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.     Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, a New York corporation, has been doing business in the State of New York, the County of Kings, and has had at least 15 employees.

5.     At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed a charge with the Commission (EEOC Charge No. 846-2015-18156), alleging that Defendant violated Title VII by discriminating against her because of sex and retaliating against her for opposing that discrimination.

7.     On November 14, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant was in violation of Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On January 15, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least March 11, 2015, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3. These unlawful employment practices include, but are not limited to the following:

   a) On March 10, 2015, Defendant's Chief Executive Officer ("CEO") interviewed the Aggrieved Individual, who is female, for a job at Defendant. The day after the interview the CEO offered the Aggrieved Individual a position as a service coordinator. During the same discussion, the CEO asked the Aggrieved Individual on a date. Specifically he proposed that they continue their discussion "over dinner and drinks" and suggested that they should "party" together.

   b) The Aggrieved Individual declined the CEO's request for a date and said that she hoped that "we can move forward in a strictly professional manner."

   c) Because the Aggrieved Individual declined and objected to the CEO's request for a date, Defendant did not hire her.

  d)  Instead, several days later, the CEO interviewed other applicants for the position and eventually offered the service coordinator job to a male applicant.

  13. Since at least March 2015, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Defendant has failed to maintain records of job applications, resumes, interview notes, and other records having to do with hiring, including the records of the hiring process in which the Aggrieved Individual took part.

  14. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of sex.

  15. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee, in retaliation for her protected activity.

  16. The unlawful employment practices complained of above were intentional.

  17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

<u>PRAYER FOR RELIEF</u>

  Wherefore, the Commission respectfully requests that this Court:

  A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of sex;

B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation for protected activity;

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices;

D.      Order Defendant to make whole the Aggrieved Individual by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.      Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses not covered by the Defendant's employee benefit plan, in amounts to be determined at trial;

F.      Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.      Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

H.      Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c);

  I. Grant such further relief as the Court deems necessary and proper in the public interest; and

  J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 30, 2017

  New York, New York

.

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                131 M Street, N.E.
                Washington D.C. 20507

.

                JEFFREY BURSTEIN
                Regional Attorney

.

                _s/ Justin Mulaire_
                JUSTIN MULAIRE
                Supervisory Trial Attorney

.

                SEBASTIAN RICCARDI
                Trial Attorney

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                New York District Office
                33 Whitehall Street, 5th Floor
                New York, NY 10004-2112
                Telephone: (212) 336-3698
                Sebastian.Riccardi@eeoc.gov