IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br> )<br>        Plaintiff, )<br> )<br>    v. )<br> )<br>SPECIAL EDUCATION ASSOCIATES, INC., )<br> )<br>        Defendant. )<br>_____ ) | CIVIL ACTION NO. |

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Special Education Associates, Inc. ("SEA") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq.* when it failed to hire Zonara Asghar ("Asghar") because of sex.

The EEOC and SEA have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including SEA's successors, assigns, subsidiaries, and any other entity with which SEA may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

GENERAL PROVISIONS

1.      This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 846-2015-18156.  This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2.      The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.      By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4.      Whenever SEA is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, SEA shall send such matters by electronic mail to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

INJUNCTIVE RELIEF

5.      SEA is enjoined from engaging in any employment practice prohibited by Title VII, including, but not limited to: (1) subjecting any applicant or employee to harassment on the basis of sex; and (2) conditioning any job offer, interview, promotion, compensation, or any other privilege or benefit of employment on submission to an unwelcome sexual advance.

6.      SEA is enjoined from conditioning any job offer, interview, promotion, compensation, or any other privilege or benefit of employment on an employee or applicant's willingness to meet individually with SEA's Chief Executive Officer, except during normal

business hours at SEA's office(s) or other locations in which SEA normally conducts business activities.

7.     SEA is enjoined from engaging in retaliation of any kind against any person because of such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or this Decree, or because such person was identified as a possible witness in connection with this matter.

<u>ADOPTION, POSTING, AND DISTRIBUTION OF POLICY
PROHIBITING EMPLOYMENT DISCRIMINATION</u>

8.     Within five (5) business days of the entry of this Decree, SEA will distribute to all current employees an antidiscrimination policy that prohibits discrimination on the basis of sex, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom complaints or reports should be filed (the "Antidiscrimination Policy," attached as Exhibit A). The Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by the Title VII, state expressly that such prohibition applies to applicants for employment, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to SEA and to the EEOC. The attachment of the Policy to this Decree is not an endorsement by the EEOC or by the Court that SEA has been or is in compliance with federal anti-discrimination laws.

9.     SEA shall provide a copy of the Antidiscrimination Policy to all employees hired after the entry of this Decree within five (5) business days of the start of their employment. SEA will redistribute the Policy to all employees annually on the anniversary date of the entry of this

Decree.

10.     SEA shall provide a copy of the Antidiscrimination Policy to all applicants for employment whom SEA interviews or otherwise contacts in connection with a job application.

11     Within five (5) business days of the entry of this Decree, SEA will post a copy of the Antidiscrimination Policy in locations visually accessible to and commonly frequented by SEA's employees and in locations typically used by SEA for posting notices directed to employees or job applicants.

12.     Within five (5) business days of the entry of this Decree, SEA will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by SEA's employees and in locations typically used by SEA for posting notices directed to employees or job applicants.

13.     Within five (5) business days of the entry of this Decree, SEA will post the "Notice of Lawsuit and Settlement," attached as Exhibit B, in locations visually accessible to and commonly frequented by SEA's employees and in locations typically used by SEA for posting notices directed to employees or job applicants.

14.     Within five (5) business days of the entry of this Decree, SEA shall adopt and enforce a policy prohibiting SEA Chief Executive Officer Martin Handler from inviting job applicants or employees to meet him outside of the workplace for social occasions, with the exception of SEA-sponsored group celebration or events. The policy shall provide that violation of the policy will result in termination. SEA shall provide a copy of this policy to the EEOC within five (5) business days of the entry of this Decree.

<u>RECORDKEEPING AND REPORTING</u>

15.     During the term of this Decree, SEA shall maintain and make available for

4

inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of employment discrimination or retaliation prohibited by this Decree.  For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, SEA took; and (e) if the complaint or report was made in written form, a copy thereof.

16.     SEA shall retain all materials created or received by SEA in connection with any hiring process for a period of one year from the date of the making or receipt of the record or the hiring decision involved, whichever occurs later.  This requirement includes, without limitation, all materials submitted by a job applicant (e.g., resumes, letters, inquiries, e-mails), all written communications between SEA and any third party (e.g., job-posting websites, newspapers) regarding recruitment efforts or advertisements for employment, and any other materials created or received by SEA regarding job applicants and SEA's hiring processes and decisions.

17.     SEA shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.  SEA shall permit a representative of the EEOC to enter SEA's premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter SEA's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirement of Paragraphs 11, 12, and 13.

18.    SEA shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree.  The first Semi-Annual Report shall be due six (6) months after entry of the Decree.  Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree.  Each such Semi-Annual Report shall contain:

(a)    Copies of all records described in Paragraph 15, above, for the six (6) month period preceding the Semi-Annual Report or a certification by SEA that no complaints or reports of discrimination were received during that period; and

(b)    A certification by SEA that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

<u>TRAINING</u>

19.    Within 60 days of the entry of this Decree, and annually thereafter, SEA will provide all supervisory and management employees, including the company's Chief Executive Officer,  and any other employees involved in evaluating or selecting job applicants no fewer than two (2) hours of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of sex and sexual harassment, as well as training on SEA's Policy and such trainees' responsibilities thereunder.  Newly hired or promoted supervisory and management employees will be given the training within five (5) business days after starting in the position.

20.    Within 60 days of the entry of this Decree, and annually thereafter, SEA will provide all non-management employees no fewer than two (2) hours of live in-person training on

federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of sex and sexual harassment, as well as training on SEA's Policy. Newly hired employees will be given the training within five (5) business days after starting in the position.

21.    SEA shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 19 and 20, above. The trainer shall not be: (a) an individual who has provided legal representation or advice to (or who is affiliated with an entity that has provided legal representation or advice to) SEA or any of its owners, officers, or management employees during or subsequent to the five years preceding entry of this Decree; or (b) an owner, officer, or employee of SEA. SEA shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve SEA's proposed trainer and/or content, SEA shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance

22    SEA will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as

7

well as copies of all training materials presented.  Within five (5) business days of each training session, SEA will provide the EEOC a copy of the attendance records and all materials used during the training session.

## MONETARY RELIEF

23.     SEA shall make payments to Asghar totaling $57,000 ("Payments"), including: (1) $20,000 in backpay; and (2) $37,000 in compensatory damages. These amounts shall be paid on a schedule as set forth below.

24.     Within five (5) business days of the entry of this Decree, SEA will issue and mail to Asghar, by Certified Mail, (i) a check for backpay in the amount of $20,000, and (ii) a check for compensatory damages in the amount of $5,002. Thereafter, every 30 days after the date of this Decree is entered, for the next 180 days, SEA shall issue and mail to Asghar, by Certified Mail, a check for $5,333 for compensatory damages.

25.     SEA will make all required withholdings from the portions of the Payments representing back pay for applicable federal, state, and local income taxes and the employee share of federal payroll taxes.  SEA will be responsible for (and may not deduct from the Payments to Asghar) any tax obligation SEA incurs as a result of these payments, including the employer's share of federal payroll taxes.  SEA will issue IRS Form W-2 to Asghar for the portions of the Payments representing back pay, and IRS Form 1099 for the portions of the Payments representing damages.  Each time that it makes a Payment, SEA will also issue to Asghar a statement identifying the nature and amount of each withholding.  SEA shall contemporaneously send copies of each check and withholdings statement to the EEOC.

26.     In consideration of the EEOC's agreement to accept payments over time as stated herein, Martin Handler hereby grants to the EEOC his personal guaranty of the foregoing

8

payments, in the form attached as Exhibit C, to be paid by him from his personal assets in the event any of the foregoing payments is not made timely by SEA. Martin Handler hereby consents to the jurisdiction of this court for the purpose of enforcing this guaranty and any disputes thereunder and acknowledges that it is enforceable fully as to all outstanding payments, without further notice or action of any kind, in the event any of the foregoing payments is not made timely by SEA.

27.    If any payment due under this Decree is not issued and mailed in full within the period in which it is to be paid, then the entire remaining balance of the payments shall become due immediately, and for each additional business day that any portion of the balance due under this Decree remains unpaid ("Unpaid Amount"), SEA shall pay to Asghar, in the manner set forth above, an amount equal to the greater of $25 or 0.1% of the Unpaid Amount.

TERM OF DECREE AND RETENTION OF JURISDICTION

28.    This Decree will remain in effect for five (5) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the five-year term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

29.    The Court shall retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of

any term of this Decree by SEA shall be deemed a substantive breach of this Decree for which

EEOC may bring an enforcement action. No party shall contest the validity of this Consent

Decree or the jurisdiction of the Court to enforce this Consent Decree and its terms.

## MISCELLANEOUS PROVISIONS

30.     Each party shall bear its own expenses, attorneys' fees, and costs.

31.     The terms of this Decree are and shall be binding on the present and future

directors, officers, managers, agents, successors and assigns of SEA. At least twenty-one (21)

days prior to any sale or other transfer of SEA's business or sale or other transfer of all or a

substantial portion of SEA's assets, SEA shall provide a copy of this Decree to any potential

purchaser, potential transferee, or other potential successor.

32.     When this Decree requires a certification by SEA of any fact(s), such certification

shall be made under oath or penalty of perjury by an officer or management employee of SEA.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

SEBASTIAN RICCARDI
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3698
Fax: (212) 336-3623
Email: Sebastian.Riccardi@eeoc.gov

**FOR DEFENDANT SPECIAL EDUCATION ASSOCIATES, INC.**

Martin Handler
Owner/CEO of Defendant Special Education
Associates, Inc.

Charmaine Wong
Attorney for Defendant
25 Leroy Pl., Suite 513
New Rochelle, NY 10805
Tel: (914) 462-7604
E-mail: Charmanea@icloud.com

SO ORDERED, ADJUDGED AND DECREED this 4th day of _____, 2017.

11

s/ I. Leo Glasser
_____
United States District Judge

12

**Exhibit A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3721
General FAX: (212) 336-3625

## NOTICE OF LAWSUIT AND SETTLEMENT

This Notice is being posted as part of a Consent Decree, settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Special Education Associates, Inc., in Federal court in the Eastern District of New York (Civil Action No. 17-cv-01791-ILG-LB). In its lawsuit, EEOC alleged that Defendant unlawfully subjected a female job applicant to sexual harassment, and retaliated against her for opposing the harassment.

Federal law prohibits employers from harassing and discriminating against employees and applicants based on sex, national origin, religion, race, color, age, disability, or genetic information. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Defendant and its owners, managers, and supervisors, will support and comply with Federal law prohibiting harassment or discrimination against any employee or applicant for employment because of an individual's sex.

As part of the settlement, Defendant:

1.    Will not harass or discriminate against employees based on sex, or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;

2.    Will maintain and distribute written policies and procedures prohibiting harassment and discrimination and enabling employees to file complaints;

3.    Will provide training on Federal laws prohibiting employment harassment and discrimination to all current and future employees;

4.    Will permit EEOC to monitor compliance with the Consent Decree;

5.    Will provide EEOC periodic reports on its internal complaints of harassment and discrimination;

6.    Will post and distribute this Notice; and

7.     Will pay $57,000 in money damages to the applicant who was subject to sexual harassment and retaliation.

Should you have a complaint of discrimination, you may report it to any EEOC office throughout the United States, including the New York District Office, at:

**Equal Employment Opportunity Commission**
**(800) 669-4000**
**www.eeoc.gov**

Dated: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**This notice must remain posted for five years from date shown above, and most not be altered, defaced, or covered by any other material.  Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**

2

**Exhibit B**

# EQUAL EMPLOYMENT OPPORTUNITY POLICY

It is the policy of Special Education Associate (SEA) to provide equal employment opportunity to all staff, contractors, volunteers, and applicants for employment without regard to race, sex, creed, religion, color, national origin, gender, age, citizenship status, disability, veteran status, marital status, sexual orientation or affectional preference, or any other category protected by applicable federal, state or local law. This Equal Employment Opportunity Policy applies to all the terms and conditions of employment including but not limited to recruitment, hiring, compensation, training and apprenticeship, promotion, upgrading, demotion, downgrading, transfer, layoff, discipline, termination, and leave of absence.

To ensure equal opportunity in employment practices, all candidates for employment must be interviewed on site at SEA's administrative office by at least two people. One from Human Resources (HR) and one from the program or department seeking to fill the vacancy.

It is SEA's fundamental policy to provide equal opportunity in all areas of its employment practices. The importance of fulfilling this policy cannot be overemphasized. Equal employment opportunity is the continuous responsibility of all SEA's staff. Therefore, to achieve ultimate effectiveness in this area, the full cooperation and support of all staff are essential. SEA is committed to diversity and seeks to hire staff that is representative of the communities served by the SEA.

SEA will endeavor to make reasonable accommodations for the known physical or mental limitations of a qualified applicant or employee with a disability or who may be a victim of domestic violence, unless doing so would result in an undue hardship on SEA. Likewise, we will make reasonable accommodations, on request, arising out of an individual's religious beliefs or practices.

If you have any questions or concerns, please bring your concerns directly, or anonymously to your supervisor, director, manager, or the Human Resources Director, Lisa Lumelio at 718-376-5510. Information resulting from any complaints filed under this procedure will be kept confidential by the Agency's management to the extent possible.

Any individual at any time, even after separation of employment who feels this policy has been violated should immediately contact his or her supervisor or Director or the Director of Human Resources Department, Lisa Lumelio, at 718-376-5510. Employees can raise concerns and make reports without fear of reprisal. Anyone found to be engaging in any type of inappropriate conduct under this policy will be subject to disciplinary action, up to and, including termination of employment.

It is unlawful and against SEA's policy to retaliate against an employee, or prospective employee for making a complaint or for cooperating in an investigation of an unlawful employment discrimination; such retaliation is grounds for disciplinary action up to and including termination.

Information resulting from complaints filed under this procedure will be kept confidential by the Agency's management to the extent possible.

SEA is an Affirmative Action Employer. The SEA's Affirmative Action Plan provides that SEA will:

- Recruit, hire, upgrade, train and promote in all job classifications without regard to race, sex, color, creed, religion, age, national origin, citizenship status, veteran status, disability, marital status, sexual orientation or affectional preference in accordance with all applicable laws, directives and regulations of federal, state and city entities;

- Base employment decisions on the principles of Equal Employment Opportunity, and with the intent to further SEA's Affirmative Action commitment;

- Ensure that all terms and conditions of employment such as compensation, benefits, layoff, return from layoff, Company-sponsored training, educational tuition assistance, social and recreation programs, shall be administered without regard to race, sex, color, creed, religion, age, national origin, citizenship status, veteran status, disability, marital status, sexual orientation or affectional preference in accordance with all applicable laws, directives and regulations of federal, state and city authorities;

- Ensure that promotion decisions will be made in accordance with the principles of Equal Employment Opportunity and Affirmative Action by imposing only valid requirements for promotional opportunities;

- Take action to prevent harassment including sexual harassment or intimidation of all employees, particularly those encompassed by the SEA's affirmative action efforts;

- SEA will vigorously pursue opportunities to recruit and develop job candidates who have the desire and potential for becoming qualified employees through our Affirmative Action Program;

- Management performance in this program will be evaluated, as is performance in other Agency goals;

- The Director of Human Resources, Lisa Lumelio at 718-376-5510 has been assigned responsibility for the implementation and administration of the Affirmative Action Program. He/She also has been designated to develop and administer the Affirmative Action Program and ensure that the intent and practice of this policy is carried out.

Employee, or prospective employee are entitled to file a claim of unlawful discrimination in employment to the US Equal Employment Opportunity Commission (EEOC), or the New York State Division of Human Rights(DHR).

# FREEDOM FROM SEXUAL HARASSMENT AND OTHER FORMS OF HARASSMENT

### *Sexual Harassment*

SEA will not tolerate sexual harassment of any of its employees, or prospective employee. The purpose of this policy is to ensure that employees, and prospective of SEA are free from sexual harassment in the workplace or at any other locations where SEA-sponsored activities occur, since such conduct may be unlawful and negatively affect our employees and SEA. If you believe that you or another employee, or prospective employee is being sexually harassed by an officer, director, manager, supervisor, employee, client, vendor or other third parties with whom you interact as part of your job, you are directed to bring the matter to the SEA's attention immediately in the manner set forth below.

Sexual harassment is not always easily defined. Examples of conduct that could constitute sexual harassment include unwelcome sexual advances, a request for sexual favors, obscene gestures, displaying sexually graphic magazines, calendars, posters, or Internet sites, sending sexually explicit e-mail, voice-mail, or other electronic transmissions, or other verbal, non-verbal or physical conduct of a sexual nature, such as uninvited or non-consensual touching or sexually-related comments, that: (1) has the purpose or effect of creating an intimidating, hostile, or offensive working environment; or (2) has the purpose or effect of unreasonably interfering with an individual's work performance; or (3) otherwise adversely affects an individual's employment opportunities. In addition to the above, any disrespectful behavior through insulting or degrading sexual remarks or conduct, and threats, demands, or suggestions, that an employee's work status is contingent upon the employee's toleration of or acquiescence to sexual advances, are grounds for disciplinary action, up to and including termination.

All employees have a duty to report any instances of sexual harassment, whether the harassment is directed toward you or another employee, or prospective employee and whether committed by an officer, director, manager, supervisor, fellow employee, client, vendor, or other third parties with whom you interact as a part of your job. If you feel that you have been subjected to harassment, or if you witness conduct that you believe is sexual harassment, report the matter immediately to your immediate supervisor. If you are not sure to whom you should speak about an issue of sexual harassment, or if you have not received a satisfactory response within five (5) business days after reporting any incident of what you perceive to be sexual harassment, immediately contact the Director of Human Resources Department, Lisa Lumelio at 718-376-5510. HR will ensure that an investigation is immediately conducted. Every report of perceived sexual harassment will be fully investigated and corrective action will be taken where appropriate.

Any employee who engages in inappropriate conduct deemed to be sexual harassment, or who otherwise violates this policy will be subject to disciplinary action, up to and, including termination of employment. It is unlawful and against SEA's policy to retaliate against an

employee, or prospective employee for making a sexual harassment complaint or for cooperating in an investigation of a sexual harassment complaint; such retaliation is grounds for disciplinary action up to and including termination.

Information resulting from complaints filed under this procedure will be kept confidential by the Agency's management to the extent possible.

### Other Forms of Harassment

SEA does not tolerate harassment in the workplace or at any other location where the Agency sponsored activities occur, whether the harassment is based on a person's race, color, religion, creed, sex, sexual orientation, national origin, age, ancestry, ethnicity, disability, citizenship, alienage, marital status, partnership status, familial status, military or veteran status, genetic information, predisposing genetic characteristic, status as a victim of domestic violence, stalking and sex offenses, or any other characteristic protected by law.  The purpose of this policy is to ensure that our employees or prospective employees are free from all forms of harassment at job interviews and in the workplace, since such behavior has a negative impact on both the prospective employee/employee and SEA, and may be unlawful.  If you believe that you or another employee, or a prospective employee  is being harassed by an officer, director, manager, supervisor, employee, client, vendor, or other third parties with whom you interact as a part of your job, you are directed to bring the matter to Sea's  attention immediately in the manner set for the below.

Harassment is any conduct that: (1) has the purpose or effect of creating an intimidating, hostile, or offensive working environment; or (2) has the purpose or effect of unreasonably interfering with an individual's work performance; or (3) otherwise adversely affects an individual's employment opportunities.   Examples include vulgar or offensive conversation or jokes; unwelcome comments about an employee's physical characteristics, religious beliefs, ethnic background, medical condition, or disability; teasing, slurs, threats, derogatory comments, or other similar verbal, non-verbal or physical conduct directed toward a person, which is sufficiently severe or pervasive to create an unprofessional and hostile working environment.

All employees have a duty to report any instances of harassment, whether the harassment is directed toward you or another employee.  If you feel that you have been subjected to harassment or if you witness conduct that you believe is harassment, report the matter immediately to your immediate supervisor.  If you are not sure to whom you should speak about an issue of harassment, or if you have not received a satisfactory response within five (5) business days after reporting any incident of what you perceive to be harassment, immediately contact the Director Human Resources Department, Lisa Lumelio at 718-376-5510. The will ensure that an investigation is immediately conducted.  Every report of perceived harassment will be fully investigated and corrective action will be taken where appropriate.

Any employee who engages in inappropriate conduct, or who otherwise violated this policy, will be subject to disciplinary action, up to and including termination of employment.  It is against the SEA's policy to retaliate against an employee for filing a harassment complaint or for cooperating in an investigation of a harassment complaint; such retaliation is also grounds for

disciplinary action up to, and including, termination.

Information resulting from complaints filed under this procedure will be kept confidential by the Agency's management to the extent possible.

Any employee, or prospective employee can file a claim of unlawful discrimination, or sexual harassment with the US Equal Employment Opportunity Commission (EEOC), or the New York State  Division of Human Rights(DHR).

**Exhibit C**

# GUARANTY

The undersigned, Martin Handler ("Guarantor"), Chief Executive Officer and part-owner of Special Education Associates, Inc. in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission (the "EEOC") in the matter of *EEOC v. Special Education Associates, Inc.* (collectively, the "Lawsuit"), does hereby unconditionally personally guarantee Special Education Associates, Inc.'s payment of monetary relief (a total of $57,000 in seven installments), as detailed in the Consent Decree entered into as part of the Lawsuit (the "Consent Decree"). In no event shall Guarantor's obligations under this Guaranty include any liability to the EEOC for any special, indirect, consequential or punitive damages (including any loss of profits, business or anticipated savings) due to non-payment by Guarantor or Special Education Associates, Inc.

Guarantor acknowledges, represents, and warrants that Special Education Associates, Inc.'s agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Special Education Associates, Inc., for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the installment payments described in Paragraphs 24 and 25 of Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees to pay all amounts then due and owing under Paragraphs 24 and 25 of the Consent Decree, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Special Education Associates, Inc. or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty. Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this

Guaranty without the necessity of joining Special Education Associates, Inc. or any other person or entity in such action.  Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Eastern District of New York under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

**EXECUTED** to be effective as of this ~9ᵗ day of _____March_____, 2017.

**GUARANTOR:**

NAME (printed): _____Martin Jan.Clu_____

SIGNATURE: _____, in his personal capacity

ADDRESS: ____440 Avenue P____

____Brooklyn, NY 11223____

PHONE: ____718-376-5510____